# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 10, 2023

Lyle W. Cayce
Clerk

———————

No. 22-60546

———————

Devon Modacure,

*Plaintiff—Appellee*,

*versus*

Kenneth Short, II, *Individually and as an Officer of City of Jackson*;
Cobey Smith, *Individually and as an Officer of City of Jackson*,

*Defendants—Appellants*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:20-CV-476

———————————————————————

Before Richman, *Chief Judge*, and Jones and Ho, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellants Short and Smith, former police officers for the city of Jackson, Mississippi, appeal the district court's denial of summary judgment. We REVERSE the district court and RENDER judgment for the two officers on the basis of qualified immunity.

———————————————

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-60546

## I. Background

On October 27, 2017, officers Short and Smith responded to a report of a shooting incident at a known drug house. The victim described the shooter as a 150-pound black male wearing a maroon shirt. On their way to the house, the officers encountered a group of people standing around outside, one of whom fit the description of the shooter. That man was Plaintiff-Appellee Devon Modacure, who fled as soon as the officers singled him out and commanded he "come here." A brief foot chase commenced and ended with the officers shooting Modacure. The officers testified that Modacure reached toward his waistline, as if to grab a gun, and turned his torso toward the officers, precipitating their use of lethal force. Video footage of the event, captured from a residential security camera, is grainy and does not show the orientation of Modacure's torso or hands when the first shot was fired. Modacure insists he ran because he was paranoid, having just been released from a two-year stint in prison and having seen other people shot by the police. A handgun was recovered from the area; Modacure swears it was not his and that he was unarmed on the day of the incident.

Relevant to this appeal, Modacure sued Short and Smith in their individual capacities under 42 U.S.C. § 1983, alleging the officers violated his Fourth Amendment right against the use of excessive force and his Fourteenth Amendment due process right to receive timely medical care. The district court denied the officers' motion for summary judgment based on qualified immunity. The officers timely filed this interlocutory appeal.

## II. Jurisdiction

"An order denying qualified immunity, to the extent it turns on an issue of law, is immediately appealable." *Laviage v. Fite*, 47 F.4th 402, 405 (5th Cir. 2022) (quoting *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (en banc)). In contrast, an order denying qualified immunity based solely on

"evidence sufficiency" is not. *Plumhoff v. Rickard*, 572 U.S. 765, 773, 134 S. Ct. 2012, 2019 (2014) (quoting *Johnson v. Jones*, 515 U.S. 304, 313, 115 S. Ct. 2151, 2156 (1995)). Here, the officers "contend that their conduct did not violate the Fourth Amendment and, in any event, did not violate clearly established law. Thus, they raise legal issues." *Id.* We have jurisdiction and will turn to the merits; our review is *de novo. Wyatt v. Fletcher*, 718 F.3d 496, 499 (5th Cir. 2013).

## III. Discussion

"An officer merits qualified immunity unless (1) he 'violated a statutory or constitutional right of the plaintiff' and (2) 'the right was clearly established at the time of the violation.'" *Betts v. Brennan*, 22 F.4th 577, 582 (5th Cir. 2022) (quoting *Dyer v. Houston*, 964 F.3d 374, 380 (5th Cir. 2020)). The plaintiff bears the burden "to demonstrate the inapplicability of the defense." *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009). Further, we may "resolve the case on a single prong." *Garcia v. Blevins*, 957 F.3d 596, 600 (5th Cir. 2020).

Jumping straight to the second prong, Modacure may show that the officers violated his clearly established constitutional rights by identifying an "on-point case" or satisfying the "obvious-case exception." *Henderson v. Harris Cnty.*, 51 F.4th 125, 132 (5th Cir. 2022) (per curiam). "Rights are 'clearly established' when 'existing precedent squarely governs the specific facts at issue.'" *Id.* (quoting *Kisela v. Hughes*, 138 S. Ct. 1148, 1153 (2018)). And "specificity is especially important in the Fourth Amendment context." *Mullenix v. Luna*, 577 U.S. 7, 12, 136 S. Ct. 305, 308 (2015); *see also Morrow v. Meachum*, 917 F.3d 870, 876 (5th Cir. 2019) ("overcoming qualified immunity is especially difficult in excessive-force cases"). "The Supreme Court strictly enforces the requirement to identify an analogous case and explain the analogy." *Joseph v. Bartlett*, 981 F.3d 319, 346 (5th Cir. 2020).

Modacure does not invoke the "obvious case" exception and fails to cite a single "on-point case" to support his argument, even after the officers highlighted this deficiency in their opening brief. We have overlooked such shortcomings in cases where the district court carried the plaintiff's burden for him. *See, e.g.*, *Joseph v. Bartlett*, 981 F.3d 319, 337 (5th Cir. 2020). But here, instead of engaging in this prong of the analysis, the district court merely announced the presence of factual disputes and recited the general contours of excessive force and due process violations on its way to denying summary judgment. In other cases where this court has been presented with a similarly deficient record, we have not hesitated to reverse the denial of qualified immunity. *See Laviage*, 47 F.4th at 408; *Joseph*, 981 F.3d at 346. We must do so here as well. Where the plaintiff fails to carry his burden to show a violation of his clearly established rights, and where the district court does not step in to fix that shortcoming, we cannot assent to the denial of qualified immunity.

We REVERSE the district court's judgment and RENDER judgment for officers Short and Smith.